The opinion of the court was delivered by
Egan, J.
George Sales was indicted for the murder of one Taylor. In the same indictment it was also charged “ that one Dan Proffit, one William Sales, and one Edward Ryan, with force and arms did feloniously, willfully, and of their malice aforethought (did) assist and abet the said George Sales in the killing and murdering the said William Taylor *917 aforesaid, etc.” “ Therefore (the grand jury) do find and present the said Dan Proffit, William Sales, and Edward Ryan, as aforesaid, being accessory before the fact of the killing and murdering the aforesaid William Taylor.” Under this anomalous indictment the accused were jointly tried, and as appears from the agreed statement of facts in the record the jury after deliberating returned into court with a verdict of guilty without capital punishment as to George Sales, and found the •other defendants guilty as accessories after the fact, a crime with which it is not pretended that they were charged, and which both in its nature and punishment is distinct from either the crime of murder or of being accessory before the fact to murder. R. S. 1870, sections 784, 972, and 973. The judge refused to receive the verdict after it had been read by the clerk, and ordered the jurors back to their room. They finally returned a verdict of guilty without capital punishment as to George Sales, acquitted William Sales and Edward Ryan, and found Dan Proffit “guilty as accessory before the fact, without capital punishment,” a qualification unnecessary, as under the law one convicted as accessory before the fact can only suffer the same kind and extent of punishment as the principal offender. R. S. 972. After an ineffectual motion for new trial and in arrest of judgment the parties, found guilty were sentenced to the Penitentiary for life. Dan Proffit alone has appealed.
The motion in arrest of judgment is based, first, on the jury having first returned a verdict of guilty of the lesser offense of being accessory after the fact, and it being therefore illegal and incompetent for them to reconsider their verdict and convict the defendant Proffit of a greater offense, and on the inconsistency and illegality of the indictment in first charging that the accused Proffit did “ assist and ábet ” George Sales in the killing and murdering charged, and afterward that he was “ accessory before the fact to the killing and murdering.”
As to the first ground, it is only necessary to say that the verdict first brought in by the jury was not responsive to any charge contained in the indictment as to the defendant Proffit, and the judge therefore did not err in directing them to retire and bring in a proper verdict.
As to the second ground of the motion in arrest, we think the objection to the indictment fatal. The accused Proffit was evidently intended to be indicted as' accessory before the fact, but the statement in the indictment that he did with force and arms willfully and feloniously and with malice aforethought “ assist and abet ” the killing and murdering is wholly inconsistent with the charge of being accessory either before or after the fact, and one so charged can not be indicted as accessory. State vs. White, 7 A. 531; Chitty’s Grim. Law, 262, 269; State vs. Maxent, 10 A. 743. An accessory before the fact is one toho being absent at the time of the commission of the crime (and of course being *918 unable to “ assist and abet” in its commission) doth yet procure, counsel,, or command its commission. 1st Hale’s Pleas of the Crown, p. 616. The indictment is therefore bad for this reason, and as it attempts to charge the accused as accessory before the fact in terms it is also bad as an indictment against Proffit as a principal offender, as he could not be both absent and present at the same time, and without being present could not be a principal in the murder. Besides, the indictment contains but one count, and even if both crimes were consistent and otherwise properly charged, it would be bad for that reason also.
The motion in arrest of judgment must prevail.
It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be and they are avoided and reversed ; that the judgment be arrested, and the appellant Dan Proffit be discharged from custody and further prosecution.